FALL 1812.
I. District.

DORMENON'S
CASE.

to his conduct in St. Domingo.  The house have unanimously come to a resolution, that the charges against him in that respect are unfounded, and have allowed him to retain his seat.  These charges were of a nature which interested the public at large; but there was no complaint against that gentleman, in regard to his conduct, as an officer of this court.  Since, then, that branch of the legislature, which immediately represents the body of the people, have declared themselves perfectly satisfied that no imputation attaches on Mr. Dormenon, in regard to his conduct, in the instance in which it appeared reprehensible to this court, there seems to be no good reason to deny his prayer, to be reinstated in his seat at the bar.

THE order which was made him on the 9th day of July, 1810, is therefore rescinded.

---

### DURNFORD vs. JOHNSON.  *ANTE* 183.

Party may demur to evidence.

Plaintiff may discontinue after demurrer to evidence.

THIS cause was submitted to the jury, and the plaintiff's evidence being gone through, the defendant's demurred thereto.

THE plaintiff's counsel contended that they could not be compelled to join in the demurrer, the legislature having provided that it shall be the duty of the jury to decide questions of law, when

they have no doubt, 1805, *ch.* 26, *sect.* 6 : but the court overruled the objection.

THEY next moved for leave to discontinue, which was granted, on payment of costs, on the authority of *5 Bac. Ab.* 476, and the case of *Boucher* vs. *Lawson, Cases Temp. Hardwicke*, 194, in which it is held that the court will grant leave to discontinue, after a special verdict, but not in a hard action.    It being considered that the parties were nearly in the same situation, after a demurrer to the evidence, as after a special verdict.

---

## NUGENT vs. DELHOMME.

THIS was an action by an endorser, against the maker of a promissory note.  See *Nugent* vs. *Mazange, ante* 265.

*Porter*, for the defendant, opposed the introduction of the note as evidence, on the ground that, since the making of it, a material alteration had taken place, without the consent or knowledge of the maker, which totally annulled the instrument.

*Hennen*, for the plaintiff.    The alteration of a note, or bill of exchange, must be in a material part, as the date, or sum, to make it void : the leading case on this doctrine, is that of *Master &*

A *memorandum* at the foot of the note, shewing a new domicil, does not avoid the note.

Payment by an indorser, discharges the maker.

Costs alone never given by the jury.